IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| NORTH PACIFIC GROUP | PLAINTIFF |
| v.    Case No. 6:08-CV-6037 | |
| CURT BEAN LUMBER CO. | DEFENDANT/Third-Party PLAINTIFF |
| v. | |
| SCOTT THOMASON, COREY THOMASON, MID-ARK LUMBER | Third-Party DEFENDANTS/CROSS-CLAIMANTS |
| v. | |
| NORTH PACIFIC GROUP | CROSS-DEFENDANT |

**O R D E R**

Before the Court are the Motions to Dismiss Defendant/Third-Party Plaintiff Curt Bean Lumber Company's claims for Lack of Subject Matter Jurisdiction (Docs. 27,34) filed by Third-Party Defendants Scott Thomason, Corey Thomason, and Mid-Ark Lumber, Inc.  The Third-Party Defendants also seek to stay the current action while the possibility of criminal action against them remains viable (Doc. 39).  Defendant/Third-Party Plaintiff Curt Bean Lumber Company (Bean Lumber) seeks to amend the scheduling order (Doc. 63) and/or continue the trial date (Doc. 65).  For the reasons discussed below, the Motions to Dismiss (Docs. 27, 34) are **GRANTED IN PART AND DENIED IN PART**, and the pending Motions to Stay (Doc. 39), to Amend the

Scheduling Order (Doc. 63) and to continue the trial date (Doc. 65) are **DENIED AS MOOT.**

## A. Background

North Pacific filed its original complaint on April 8, 2008 seeking payment of $748,517.22 plus interest and attorney's fees for shipments of wood products between June 13, 2007 and August 16, 2007.  Bean Lumber claimed it was not obligated to pay North Pacific because its claims are barred by "set-off, recoupment, estoppel, unclean hands and *in pari delicto*."

On December 15, 2008, Bean Lumber filed claims against Scott Thomason, Corey Thomason, Mid-Ark Lumber, and North Pacific alleging a broad pattern of breaches of fiduciary duties; fraud and deceit; conversion; civil conspiracy; and deceptive trade practices.  Mid-Ark, the Thomasons, and North Pacific have filed their own cross-claims and counterclaims relating to the conduct alleged in Bean Lumber's claims.

The parties do not contest that Bean Lumber and North Pacific are citizens of different states, and it is clear that the Court has diversity jurisdiction over North Pacific's original complaint.  It is also uncontested that Bean Lumber's claims do not allege a federal question and that Bean Lumber, Corey Thomason, Scott Thomason, and Mid-Ark Lumber are all citizens of Arkansas for purposes of diversity of citizenship. Thus only the claims between Bean Lumber and the Third-Party

Defendants are non-diverse.

**B. Discussion**

**1. Motions to Dismiss**

Although the Third-Party Defendants seek dismissal of Bean Lumber's counterclaim against North Pacific, they provide no basis for casting doubt on the Court's jurisdiction. Bean Lumber's counterclaim against North Pacific involves parties that are citizens of different states and satisfies the amount in controversy. Dismissal of Bean Lumber's Counterclaim against North Pacific is therefore **DENIED**.

Since the Third-Party Plaintiff Bean Lumber, and the Third-Party Defendants are non-diverse, the Court must determine whether it has supplemental jurisdiction over the Third-Party Claims. Courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims within the action are part of the same case or controversy if they "derive from a common nucleus of operative fact." *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005).

In Bean Lumber's Response (Doc. 43), it admits that the invoices that form the subject matter of North Pacific's original complaint are dated subsequent to the invoices that are the subject of Bean Lumber's counterclaims and cross claims.

**AO72A**
**(Rev. 8/82)**

The subject matter of North Pacific's original complaint is therefore distinct from the subject matter of all other claims in this case and there is no common nucleus of operative fact. The Court lacks subject matter jurisdiction over Bean Lumber's Third-Party claims and the Third-Party Defendants' counterclaims against Bean Lumber.  Accordingly, all claims between Bean Lumber, the Thomasons and Mid-Ark are **DISMISSED WITHOUT PREJUDICE**.  With the dismissal of the claims between the Third-Party Plaintiff Bean Lumber and the Third-Party Defendants, the Motion to Stay is **DENIED AS MOOT**.

### 2. Motion to Amend the Scheduling Order and Motion to Continue the Trial Date

Bean Lumber premised its motions to amend the scheduling order and continue the trial date on discovery difficulties with the Third-Party Defendants.  With the dismissal of the Third-Party Defendants, Bean Lumber's motions are **DENIED AS MOOT**.

## C. Conclusion

Third-Party Defendants' Motions to Dismiss (Docs. 27, 34) are **GRANTED IN PART AND DENIED IN PART**. All claims and counter-claims between Bean Lumber and Scott Thomason, Corey Thomason, and Mid-Ark Lumber are **DISMISSED WITHOUT PREJUDICE**. Third-Party Defendants' Motion to Stay is **DENIED AS MOOT**. Bean Lumber's Motions to Amend the Scheduling Order and for Continuance of Trial Date (Docs. 63, 65) are **DENIED AS MOOT**.  This matter

remains set for a jury trial beginning August 10, 2009.

IT IS SO ORDERED this 13th day of May, 2009.

                                        /s/ Robert T. Dawson
                                        Honorable Robert T. Dawson
                                        United States District Judge

AO72A
(Rev. 8/82)