```
               IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                     HOT SPRINGS DIVISION
```

NORTH PACIFIC GROUP                                    PLAINTIFF

        v.                    Case No. 6:08-CV-6037

CURT BEAN LUMBER CO.                                   DEFENDANT


## JUDGMENT

On November 3, 2009, this matter came on for trial to a duly selected jury consisting of eight members, the Honorable Robert T. Dawson presiding.  The trial continued until November 4, 2009, when the case was submitted to the jury on five interrogatories.  The jury reached a unanimous verdict as to the first four interrogatories, therefore, they were instructed not to answer the remaining interrogatory.  The jury completed the interrogatories as follows:

**INTERROGATORY NO. 1:**

**DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT NORTH PACIFIC AND CURT BEAN LUMBER ENTERED INTO ANY CONTRACTS AND THAT CURT BEAN LUMBER BREACHED ANY OR ALL OF THE CONTRACTS?**

**YES** _√__
**NO** _____

**INTERROGATORY NO. 2:**

**CONSIDERING ONLY THE CONTRACTS THAT YOU FOUND TO BE BREACHED BY CURT BEAN LUMBER UNDER INTERROGATORY NO. 1, DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT NORTH PACIFIC IS ESTOPPED FROM COLLECTING DAMAGES FOR THOSE CONTRACTS?**

**YES** _____
**NO** _√__

**INTERROGATORY NO. 3:**

**STATE THE AMOUNT OF DAMAGES, AS SUBMITTED IN INSTRUCTION NO. 19, LESS ANY AMOUNT FOR CONTRACTS THAT YOU FOUND NORTH PACIFIC IS ESTOPPED FROM COLLECTING DAMAGES, THAT YOU FIND FROM THE PREPONDERANCE OF THE EVIDENCE SHOULD BE AWARDED TO NORTH PACIFIC; IF NONE, WRITE THE WORD NONE.**

   **$748,517.22**

**INTERROGATORY NO. 4:**

**DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT NORTH PACIFIC ENGAGED IN UNCONSCIONABLE, FALSE OR DECEPTIVE ACTS OR PRACTICES IN BUSINESS, COMMERCE OR TRADE WHICH PROXIMATELY CAUSED DAMAGES TO CURT BEAN LUMBER?**

   **YES ___**
   **NO  _√_**

Plaintiff further seeks $298,380.32 in prejudgment interest. In a diversity action, state law governs prejudgment interest. *Maddox v. American Airlines, Inc.*, 298 F.3d 694 (8th Cir. 2002). Plaintiff contends Mississippi law applies. Defendant contends Arkansas law applies. Under Arkansas' choice of law rules for contracts, there are four theories as to what law applies to any contract: (1) the law of the state in which the contract was made; (2) the law of the state in which the contract is to be performed in its most essential features; (3) the law of the state which the parties intended to govern the contract, provided that state has a substantial connection with the contract; and (4) the law of the state which has the most significant contracts with the matter in dispute. *Cooper v. Cherokee Village Development Co.*, 364 S.W.2d 158 (Ark. 1963)

2

*citing Leflar, Conflict of Laws*, (1959) §§ 124, 125.

The contract does not specify what law applies and states the applicant agrees to pay a monthly charge equal to the maximum legal interest rate for contracts, or 1.5% per month, whichever is less, multiplied by any unpaid delinquent balance, until paid in full (doc. 117, Ex. A).  The transactions were between a division of Plaintiff located in Mississippi, and Defendant who is located in Arkansas.  The agreements were reached by agents of each over the telephone and by facsimile. However, the product was to be shipped to Defendant in Arkansas. Accordingly, the Court finds that Arkansas law applies.

The parties agree that under Arkansas law, the maximum interest rate is 5% above the Federal Reserve Discount Rate. Ark. Const. art. 19, § 13.  Plaintiff contends that Arkansas law provides for an interest rate of 11.25%, for a total of $186,487.70 in prejudgment interest.  Defendant argues that the interest rate fluctuated during the time period from the date the account became delinquent through the date of the verdict resulting in a total amount of $116,639.71 (doc. 126, Ex. A). The Court finds that the floating interest rate is properly applied to the time periods involved in these transactions and awards Plaintiff $116,639.71 in prejudgment interest. Plaintiff's Motion for Prejudgment Interest (doc. 117) is GRANTED IN PART AND DENIED IN PART.

3

Plaintiff further seeks $204,340.70 in attorneys' fees and $5,324.24 in costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and Section 16-22-308 of the Arkansas Code. Defendant asserts that Plaintiff's requested amount of attorneys' fees is unreasonable and asks the Court to reduce the fees sought.  Defendant also contends that Plaintiff seeks an award of some costs that are not recoverable under 28 U.S.C. § 1920.

Section 16-22-308 of the Arkansas Code provides:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308.  The decision whether to award such a fee is discretionary with the court.  *Chrisco v. Sun Indus.*, 800 S.W. 2d 717 (Ark. 1990).

Defendant first contends that the hourly rates charged by Daniel Vidas, Robert Allen, George Cooper, Donald Templeton and James Hillas of Dunn, Carney, Allen, Higgins & Tongue, LLP in Portland, Oregon ("the Oregon attorneys") are unreasonable when compared to the hourly rates of Plaintiff's Arkansas' attorneys. Defendant makes the same argument in connection with Lisa Thomas, a paralegal with Dunn Carney.

4

Defendant also asserts that the total number of hours incurred by Plaintiff's counsel is unreasonable. Defendant contends that Plaintiff utilized too many attorneys resulting in duplicative billing for the same tasks. Further, Plaintiff's counsel's use of block-billing improperly inflates the amount of actual billing time. Finally, Defendant contends that time Plaintiff's counsel spent on specific tasks is unreasonable or otherwise not properly compensable, such as: (a) pre-filing investigation; (b) preparing complaint; (c) preparing 26(f) report and initial disclosures; (d) preparing a summary judgment motion that was never filed; (e) consultation time with experts who were never disclosed or called to testify; (f) time spent on unrelated matters that have no clear relationship to the case; (g) time expended on motions for continuances; (h) time not reasonably charged to Defendant; (i) time spent on secretarial/clerical tasks; (j) tasks related to claims and parties dismissed before trial; and (k) travel time.

The Court finds that a fifty percent reduction of the requested attorneys' fees is appropriate to address the insufficient use of block billing, excessive number of attorneys, inflated hourly rate of the Oregon attorneys and paralegal, duplicative billing and time not reasonably charged to Defendant; including time spent on parties/claims that were dismissed prior to trial and administrative tasks. Accordingly,

5

AO72A
(Rev. 8/82)

the Court finds that Plaintiff should be awarded a reasonable attorneys' fee in the amount of $102,170.35.  Plaintiff's Motion for Attorneys' Fees (doc. 128) is GRANTED IN PART AND DENIED IN PART.

As for the requested award of costs, Defendant contends the request should be denied due to inadequate supporting documentation.  Alternatively, Defendant contends the requests costs should be reduced certain requested costs are not properly taxable.  Plaintiff seeks a total of $5,324.24 in costs.

A district court has considerable discretion in awarding costs, which " is authorized by § 1920 and governed by Federal Rule of Civil Procedure 54(d)."  *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894 (8th Cir. 2009).  A prevailing party is presumptively entitled to recover costs allowed by § 1920 *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515 (8th Cir. 2006).

Defendant seeks to exclude $178.74 plus $35.92 for charges related to delivery services, messengers and Federal Express; $34.75 plus $3.15 in long distance telephone/facsimile fees; and $1,221.40 plus $1,448.80 for outside printing, photocopies and postage/supplies.  Defendant contends that postage and delivery costs are not taxable, as well as the rest of the attorneys "overhead".  The Court declines to award these costs.  The Court cannot ascertain what portion of the printing or copying costs were necessarily obtained for use in the case.  Further, the

6

remaining costs are not properly taxable under § 1920.

Defendant seeks to exclude $1,133.40 for court reporting services as the deposition should be necessarily obtained for use in the case and not purely investigative.   Defendant contends Plaintiff offers nothing to show these were necessary. The   Court   cannot   ascertain   whether   these   charges   were necessarily obtained for use in the case.   Accordingly, these costs are denied.

Defendant seeks to exclude $505.00 for process service fees.   Costs of service by a private "special process server" are not taxable.   *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).   Accordingly, these costs are denied.   Plaintiff is awarded costs in the amount of $764.08 for filing fees and subpoena/witness fees and mileage.   Plaintiff's Motion for Costs (doc. 128) is GRANTED IN PART AND DENIED IN PART.

In accordance with this verdict, it is HEREBY ORDERED AND ADJUDGED that Plaintiff should have and recover of and from Defendant compensatory damages in the amount of $748,517.22, plus interest from the date of this judgment until paid at the current post-judgment interest rate of .41% per annum and prejudgment interest in the amount of $116,639.71.   Further, Plaintiff is awarded $102,170.35 in attorneys' fees and $764.08 in costs.

7

IT IS SO ORDERED this 28th day of December 2009.


/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

**AO72A**
**(Rev. 8/82)**